UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHAWN STEWART,

                                  Plaintiff,

                                                                          22 Civ. 3583 (JSR)

          -against-

POLICE OFFICER STEPHANIE DAVIS, SHIELD #
28218, POLICE OFFICER BRIAN HIRSCHMAN,
SHIELD # 22623,

                                  Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW FOR INDEMNIFICATION PURSUANT TO GEN. MUN. L. § 50-K

### PRELIMINARY STATEMENT

The defendants in this case are not entitled to indemnification under Gen. Mun. L. § 50-k because: 1) there were investigative findings of misconduct; 2) the defendants were adjudicated guilty of those allegations; and 3) a jury found both officers liable for an unlawful stop in violation of the plaintiff's Fourth Amendment rights. Under these circumstances, Corporation Counsel's determination to deny indemnification was neither arbitrary nor capricious, and defendants' contentions that they acted in good faith do not dictate a different result.

### STANDARD OF REVIEW

Under Gen. Mun. L. § 50-k(3), the City must indemnify its employees against certain legal judgments. However, indemnification is only to be provided if "the act or omission from which such judgment or settlement arose occurred while the employee was acting within

the scope of his public employment and in the discharge of his duties," and if the employee was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained." Id. Further, there is no duty to indemnify "where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." Id.

Whether an employee seeking indemnification was acting within the scope of his employment, was in violation of departmental rules, or engaged in intentional or reckless wrongdoing is "to be determined in the first instance by the Corporation Counsel." Williams v. New York, 64 N.Y.2d 800, 802 (1985). The Corporation Counsel, not the court, is tasked with making this factual determination. The Corporation Counsel's determination can only be set aside "if it lacks a factual basis, and in that sense, is arbitrary and capricious." Id. The question whether the Corporation Counsel has a factual basis for her decision is a matter of law. Banks v. Yokemick, 144 F. Supp. 2d 272, 281-87 (S.D.N.Y. 2001). The arbitrary and capricious standard is, of course, "extremely deferential," as the court's role is only to determine whether there was any factual basis to support the Corporation Counsel's decision. Matter of Beck-Nichols v. Bianco, 20 N.Y.3d 540, 559 (2013).

## ARGUMENT

### POINT I

### CORPORATION COUNSEL'S DECISION TO DECLINE INDEMNIFICATION OF THE DEFENDANTS WAS NOT ARBITRARY AND CAPRICIOUS

First, both defendants were found by the CCRB to have been in violation of departmental rules or regulations. Findings from an investigative report are, as a rule, sufficient to support the Corporation Counsel's decision not to indemnify. See Wong v. Yoo, 649 F. Supp. 2d 34, 75 (E.D.N.Y. 2009) (collecting state and federal cases showing that

2

"investigative report findings provide a sufficient basis for Corporation Counsel determinations" under 50-k); see also Barnes v. Damien Banks, No. 10 Civ. 4802 (RJS), 2011 U.S. Dist. LEXIS 120176, at * 16 (S.D.N.Y Oct. 11, 2011) (same); Lara v. City of New York, No. 13 Civ. 6684, 2014 U. S. Dist. LEXIS 149920, at *2-3 (S.D.N.Y. Oct. 22, 2014) (upholding Corporation Counsel's determination where a CCRB investigation found allegations of excessive force substantiated and found officers made false statements before the CCRB). Furthermore, the Corporation Counsel may decline to indemnify an officer even if an agency has not imposed internal disciplinary sanctions. Banks, 144 F. Supp. 2d at 278-79 (citing Bolusi v. City of New York, 249 A.D.2d 134 (N.Y. App. Div. 1st Dept. 1998).[2]

        The CCRB substantiated seven allegations against Officer Davis, including six abuse of authority allegations for questioning, stopping, and threatening to arrest plaintiff, interfering with plaintiff's use of a recording device, and frisking and searching plaintiff. (CCRB Closing Rpt., ECF 79-13).[3]  Regarding Officer Hirschman, the CCRB substantiated two allegations of abuse of authority against him for stopping and questioning plaintiff. (Id.)  These investigative findings alone provide a sufficient basis for Corporation Counsel's decision to decline indemnification.

        Second, both defendants were adjudicated guilty of the allegations against them. As to defendant Hirschman, "The Police Commissioner agree[d] with the CCRB that both the stop and the question [of plaintiff by Hirschman] were improper." (ECF No. 79-10, p. 1).

---

[2] The rights to representation and indemnification under Gen. Mun. L. 50-k are contingent upon the same requirement that—for representation—the alleged act or omission, or—for indemnification—the alleged damages sustained, occurred while an employee "was acting within the scope of his public employment and in the discharge of this duties and was not in violation of any rule or regulation of his agency at the time[.]"

[3] https://www.nyc.gov/site/ccrb/policy/MOS-records.page.

Defendant Davis pled guilty to all seven allegations. (Pl. Memo. Of Law, pp. 2-3). By its very terms, Gen. Mun. L. 50-k mandates that to be entitled to indemnification, an employee must not be in violation of any agency rule or regulation and further contemplates that an indemnification decision may be withheld until an employee has been exonerated in the applicable disciplinary proceeding. See Gen. Mun. L. §§ 50-k(3) and 50-k(5); see also Musso v. City of New York, No. 15-cv-2511 (RRM)(JO), 2010 U.S. Dist. LEXIS 153622, *12 (E.D.N.Y. Mar. 30, 2010); Nevares v. Morrissey, No. 95 Civ. 1135 (JGK), 1998 U.S. Dist. LEXIS 7680, *14 (S.D.N.Y. May 19, 1998) (decision to decline representation not arbitrary and capricious because officers pleaded guilty of pending disciplinary charges.) Thus, that both defendants were found guilty of the disciplinary charges against them provides a sufficient basis for Corporation Counsel's decision to decline indemnification.

Third, the jury here found intentional wrongdoing by both defendants. The jury found that plaintiff proved his Section 1983 claim that both defendants violated his rights under the Fourth Amendment of the United States Constitution. Specifically, the jury found that defendants unlawfully stopped plaintiff, a claim which includes the element that the defendant "intended to detain him." (Tr. 370, ECF No. 79-4; Verdict, ECF No. 79-5). Thus, the jury's verdict provides sufficient basis for Corporation Counsel's decision to decline indemnification.

Defendants' contention that they acted in good faith has no bearing on the Corporation Counsel's determination in this matter. (Pl. Memo. Of Law, p. 5). As an initial matter, defendants' motion cites administrative decisions which this Office was not able to locate, nor were defendants able to provide. Assuming those decisions are accurately cited, they do not affect the analysis in this case. First, defendants cite NYPD v. Wang, for the proposition that officers may not be subject to discipline, despite adjudication of a constitutional violation,

4

where they acted "in good faith and in furtherance of [their] general law enforcement responsibilities. Defendants also cite NYPD v. Tirado for a similar proposition. (Pl. Memo. Of Law, p. 6). These cases, however, are inapposite. Both Wang and Tirado appear to address the issue of whether the officers involved had, in fact, violated any agency rule and were subject to discipline. Here, the defendant officers were found to have violated their agency rules and were subjected to discipline well in advance of the jury's verdict.

Defendants' contentions that NYPD found they acted in good faith and, accordingly, the Corporation Counsel should have determined that indemnification was warranted, is equally faulty. As an initial matter, it is the Corporation Counsel, not the employee's agency, which determines whether the employee's actions violated any rule or regulation of their agency at the time the alleged conduct occurred. See Banks, 214 F. Supp. 2d at 409. Regardless, while the Police Commissioner implemented a lower level of discipline for defendant Davis than was recommended by the CCRB, the Department explicitly found that defendants' stop and questioning of plaintiff were improper.

Lastly, defendants cite no authority for the proposition that the timing of their disciplinary adjudications relative to this civil matter has any bearing on the factual bases of Corporation Counsel's decision.

## **CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court deny defendants' motion, together with such costs, fees and other further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>March 17, 2025 | MURIEL GOODE-TRUFANT<br>CORPORATION COUNSEL OF THE CITY OF NEW YORK<br>*Attorney for the City of New York*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-3527/2425<br><br>By: /s/<br>     Hannah V. Faddis<br>     *Assistant Deputy Chief of Trials*<br>     Special Federal Litigation Division |

cc:  BY ECF
     *All Counsel of Record*

6