UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHAWN STEWART,

                              Plaintiff,

                                                                                  Index No.: 22-CV-3583
    -against                                                                (JSR)

POLICE OFFICER STEPHANIE DAVIS, Shield #28218,
POLICE OFFICER BRIAN HIRSCHMAN, Shield #22623

                              Defendants.

------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

*Doug LaBarbera, Esq*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ....................................................................... 1

PROCEDURAL HISTORY ............................................................................... 1

STANDARD OF REVIEW ............................................................................... 2

ARGUMENT ..................................................................................................... 3

   POINT I.

      PLAINTIFF ACHIEVED ONLY LIMITED SUCCESS. ........................ 3

   POINT II.

      THE HOURLY RATE SOUGHT IS EXCESSIVE ................................ 5

   POINT III.

      THE HOURS CLAIMED ARE EXCESSIVE AND VAGUE ................ 7

   POINT IV.

      PLAINTIFF'S COSTS REQUEST SHOULD BE DENIED
      OR SUBSTANTIALLY REDUCED. ........................................................ 9

  CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
   522 F.3d 182 (2d Cir. 2008). ...................................................................... 3, 5

Faraci v. Hickey-Freeman Co.,
   607 F.2d 1025 (2d Cir. 1979). ........................................................................ 9

Farrar v. Hobby,
   506 U.S. 103 (1992). ................................................................................... 2, 4

Hensley v. Eckerhart,
   461 U.S. 424 (1983). ................................................................................... 2, 4

N.Y.S. Ass'n for Retarded Children, Inc. v. Carey,
   711 F.2d 1136 (2d Cir. 1983). ..................................................................... 2, 7

Perdue v. Kenny A.,
   559 U.S. 542 (2010). ...................................................................................... 3

Scott v. City of New York,
   626 F.3d 130 (2d Cir. 2010). .................................................................. 2, 7, 8

**Statutes**                                                                                       **Page(s)**

28 U.S.C. § 1920 ................................................................................................ 9

42 U.S.C. § 1988 ............................................................................................ 1, 2

# PRELIMINARY STATEMENT

Defendant NEW YORK CITY POLICE OFFICERS STEPHANIE DAVIS AND BRIAN HIRSCHMAN ("Defendants"), respectfully submit this memorandum of law in opposition to Plaintiff's motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Rule 54(d) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court should exercise its discretion to deny or substantially reduce the requested award.

Plaintiff seeks an award of $70,605.00 in attorneys' fees and $2,635.60 in costs following a limited verdict in his favor. While Plaintiff technically prevailed at trial, the results obtained were modest. The requested fee is excessive in light of the limited success, the straightforward nature of the case, and the inflated hourly rate.

Critically, the fee application is fatally defective. Plaintiff's counsel concedes that the billing records are not fully contemporaneous and the uniform block billing strongly suggests post hoc reconstruction. He fails to identify which entries were created after the fact or to provide any basis for verifying their accuracy. The Second Circuit has made clear that contemporaneous time records are a strict prerequisite to fee recovery, and this failure alone warrants denial of the application in its entirety.

Accordingly, the request should be denied in full, or, at the very least, substantially reduced.

# PROCEDURAL HISTORY

Plaintiff commenced this action on May 3, 2022, alleging claims pursuant to 42 U.S.C. § 1983 arising out of an alleged unlawful stop and use of excessive force by NYPD officers. Following limited discovery, during which Plaintiff took no depositions, the matter proceeded to trial without the need for dispositive motion practice. A jury trial commenced on May 19, 2025,

1

and concluded on May 22, 2025. The jury returned a verdict finding that Plaintiff's Fourth Amendment rights were violated by an unlawful stop, but rejected Plaintiff's excessive force claim. The jury awarded $25,000 in compensatory damages. ($12,500 against each Defendant) Following the jury verdict, Defendants moved for judgment as a matter of law on qualified immunity grounds pursuant to Rule 50(b), which the Court denied. Plaintiff filed the instant motion for attorneys' fees and costs on June 11, 2025.

## STANDARD OF REVIEW

Under 42 U.S.C. § 1988, a court may, in its discretion, award reasonable attorneys' fees to a prevailing party in a civil rights action. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). However, a prevailing plaintiff is not automatically entitled to all fees requested. The court must determine whether the requested fees are reasonable in light of the results obtained, the complexity of the case, and the quality and reliability of the time records submitted. *Id.* at 433–37; *see also* Farrar v. Hobby, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.").

The party seeking fees bears the burden of documenting the hours expended and the hourly rate claimed with contemporaneous, detailed, and accurate time records. See N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983). Courts in this Circuit strictly enforce the contemporaneity requirement, and reconstructed or vague records do not suffice. See Scott v. City of New York, 626 F.3d 130, 133–34 (2d Cir. 2010); Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).

District courts have broad discretion to reduce or deny fee requests that reflect limited success, excessive billing, vague or duplicative entries, or inflated hourly rates. See Kassim v. City of Schenectady, 415 F.3d 246, 253 (2d Cir. 2005); Millea v. Metro-N. R.R. Co., 658 F.3d

2

154, 166 (2d Cir. 2011). As Your Honor has emphasized, courts must remain "mindful of their gatekeeping role to prevent windfalls to attorneys and ensure that fees awarded are not disproportionate to the limited success obtained." Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 537 (S.D.N.Y. 2008) (Rakoff, J.). Where the victory is minimal, the court "must reduce the fee to reflect the actual degree of success." Barrella v. Vill. of Freeport, No. 12-CV-0345 (JSR), 2018 WL 3315724, at *2 (S.D.N.Y. July 5, 2018).

In calculating the reasonable hourly rate and overall lodestar, courts may consider factors such as those articulated in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), but the lodestar figure remains the presumptively reasonable fee. *See* Perdue v. Kenny A., 559 U.S. 542, 551 (2010); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). These factors are rarely invoked to justify a deviation from the lodestar, particularly where, as here, the case involved no novel issues or extraordinary effort.

## ARGUMENT
### POINT I.
### PLAINTIFF ACHIEVED ONLY LIMITED SUCCESS

While Plaintiff technically prevailed on one claim, his overall success at trial was limited. The jury rejected his excessive force claim outright and awarded only $25,000 in compensatory damages on the unlawful stop claim, an amount that reflects the jury's view of the limited harm. During summation, Plaintiff's counsel asked the jury to award between $75,000 and $125,000 on that claim (Tr. 384:23–385:12), yet the jury awarded only about one-third of the low end of that range. Plaintiff's fee application characterizes the outcome as a "significant" success, but the jury's decision to award just a fraction of the requested damages belies that claim and further supports a substantial reduction. Courts consistently emphasize that the "degree of success

obtained" is the most critical factor in determining a reasonable fee. See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983); Farrar v. Hobby, 506 U.S. 103, 114 (1992); Kassim v. City of Schenectady, 415 F.3d 246, 253 (2d Cir. 2005). Where, as here, a plaintiff achieves only partial or limited success, a fully compensatory fee is not appropriate.

In Farrar, the Supreme Court emphasized that a prevailing plaintiff "who seeks compensatory damages but receives no more than nominal damages" is considered to have succeeded only in a technical sense. 506 U.S. at 115. Although Plaintiff received a modest award, it was far from substantial. Courts in this Circuit routinely reduce or deny fee applications when the relief obtained is limited or not proportional to the fees requested. See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008); Green v. Torres, 361 F.3d 96, 99 (2d Cir. 2004).

Moreover, the trial record demonstrates that even the jury's limited award came despite the Court's clear misgivings about Plaintiff's conduct and the nature of the alleged harm. During pretrial rulings and the jury charge, the Court repeatedly described the constitutional violation as "minimal" and noted that Plaintiff's own behavior was uncooperative and provocative. See Tr. 4:24–5:13; 18:12–19:11. The Court barred Plaintiff from referencing the CCRB investigation under Rule 403 and excluded emotional distress testimony unsupported by a causal link. Tr. 5:1–6:3. The evidentiary rulings and trial management reflect the Court's view that this was a routine, low-damages case.

Indeed, the trial was completed in under four full days, with Plaintiff's counsel assuring the Court that the presentation would be brief and limited. Tr. 6:17–6:23. The litigation involved no depositions, no summary judgment motion, and minimal pretrial motion practice. These facts

4

confirm that the case was not factually or legally complex and that the relief obtained was not commensurate with the $70,000 fee Plaintiff now seeks.

Given the rejection of a core claim, the limited nature of the constitutional violation, the modest damages awarded, and the Court's own characterization of the facts, Plaintiff's recovery does not justify a full fee award. A substantial reduction—or outright denial—is appropriate under governing precedent.

## POINT II.
## THE HOURLY RATE SOUGHT IS EXCESSIVE

Plaintiff's counsel requests a rate of $675/hour, yet his own retainer agreement sets a "market rate" of $450/hour. Courts in this District have held that a retainer agreement is strong evidence of the appropriate market rate. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). Plaintiff's application cites no precedent supporting the $675/hour rate, nor does it reference any decision awarding Mr. Stoll anything close to that figure in a comparable civil rights case. This omission is telling. The burden rests on the party seeking fees to establish that the requested rate aligns with prevailing market rates by citing analogous cases. See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); Hugee v. Kimso Apartments, 852 F. Supp. 2d 281, 299 (E.D.N.Y. 2012) ("An attorney's self-serving affidavit alone cannot satisfy the burden of establishing the prevailing market rate."). While Plaintiff offers the Korenbaum declaration in an effort to support this rate, that declaration does not establish that such a high-end rate is reasonable for this straightforward, single-plaintiff case.

Courts in the Southern District of New York routinely approve hourly rates between $300 and $500 for experienced civil rights attorneys, particularly where the case is straightforward and lacks novel legal issues. See, e.g., Reiter v. Metro. Transp. Auth. of New York, No. 01-CV-2762

(GWG), 2007 WL 2775144, at *7 (S.D.N.Y. Sept. 25, 2007); Alicea v. City of New York, 272 F. Supp. 3d 603, 612–13 (S.D.N.Y. 2017); Lilly v. City of New York, No. 16-CV-3224 (LTS), 2020 WL 6562313, at *2 (S.D.N.Y. Nov. 9, 2020).

In fact, in Jean v. Krauss, 2015 WL 430116, at *5 (W.D.N.Y. Feb. 2, 2015), the court awarded Mr. Stoll a rate of just $189/hour. While the Prison Litigation Reform Act partially influenced the reduction, the court also found the rate independently reasonable based on prevailing standards. Likewise, in Berraho v. Albright, No. 19-CV-2326 (E.D.N.Y.), Mr. Stoll represented that his firm's billing rate was $350/hour, and the court awarded just $3,600 for 10.8 hours of work. These figures underscore how starkly the requested $675/hour rate departs from his actual and judicially approved billing history.

Nor does Plaintiff offer any justification for the requested rate increase. He makes no argument that inflation, enhanced reputation, or changing market conditions justify a departure from previously accepted rates. But courts have made clear that inflation alone does not support a higher rate without evidence of increased complexity, skill, or evolving market rates. See Lilly, 2020 WL 6562313, at *2 ("That the rate requested reflects counsel's current hourly rate does not, by itself, justify a rate increase.").

Moreover, nothing about this case warrants a premium. The litigation involved no expert discovery, no novel constitutional issues, no dispositive motion practice, and minimal trial complexity. The claims were limited to an allegedly unlawful stop and a rejected excessive force theory. There were no technical evidentiary disputes, no experts, and no complicated legal arguments. See Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010) (affirming reduction where claims were "straightforward and largely uncontested").

6

The trial itself lasted only four days and, according to Plaintiff's own counsel, was expected to involve "minimal" testimony and time commitments. Tr. 6:17–6:23. The Court actively managed the schedule, barred prejudicial or cumulative evidence (Tr. 4:24–5:24), and placed clear limits on the scope of presentation. There were no experts, demonstratives, or complex exhibits. Given the simplicity of the claims and the efficiency of the trial, a premium hourly rate is wholly unwarranted.

Accordingly, the Court should reject Plaintiff's proposed $675/hour rate and reduce it to reflect prevailing market standards for routine civil rights litigation in this District.

## POINT III.
## THE HOURS CLAIMED ARE EXCESSIVE AND NOT RELIABLY DOCUMENTED

Plaintiff claims 104.6 hours for a straightforward civil rights case involving no depositions, no dispositive motions, no expert witnesses, and a trial lasting less than four full days. Courts routinely reduce fee requests by 30–50% where time entries are vague, excessive, or not adequately supported. See Hines v. City of Albany, 613 F. App'x 52, 54–55 (2d Cir. 2015).

Critically, Plaintiff's counsel admits in his declaration that the billing records are only "largely" contemporaneous. *Stoll Decl.* ¶ 3 ("billing records … are largely contemporaneously made") This qualified concession indicates that at least some entries were reconstructed after the fact, but Plaintiff fails to identify which ones. That failure violates the Second Circuit's strict requirement that attorneys' fees be based on contemporaneous time records. See N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983); Scott v. City of New York, 626 F.3d 130, 133–34 (2d Cir. 2010); Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018). If the Court cannot distinguish between valid and invalid entries, it may deny the fee application outright. Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010).

7

The billing statement itself confirms these concerns. It contains multiple vague or block-billed entries, including:

- **May 19–22, 2025**: Four identical entries of "Trial" at exactly 7.0 hours per day, with no detail.
- **May 17, 2025**: 7.0 hours "Trial prep" with no explanation.
- **April 30 and May 3, 2025**: 3.0 hours each for "Review of court filings/trial strategy"—generic and repetitive.

These uniformly rounded figures and vague descriptions strongly suggest reconstruction rather than real-time tracking. See Scott, 626 F.3d at 134 (affirming reduction for reconstructed and vague billing). Other entries such as "Review file and prepare" or "Trial prep" offer no detail about the task performed and violate the requirement that attorneys document time with specificity. See Tracy v. NVR, Inc., 293 F.R.D. 395, 397–98 (W.D.N.Y. 2013) (50% reduction due to vagueness and excess); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 538–39 (S.D.N.Y. 2008) (reducing hours for lack of detail and redundancy).

Moreover, the hours are plainly excessive. The litigation involved no summary judgment, no expert disclosures, minimal discovery, and a trial limited by the Court to short and efficient witness presentations. The billing includes substantial hours for tasks that should have been completed in far less time given the narrow factual issues and minimal documentary evidence at trial.

Because Plaintiff has not met his burden of demonstrating that the time was contemporaneously recorded and reasonably expended, and because numerous entries reflect vague, excessive, or reconstructed billing, the Court should substantially reduce or deny the fee request in its entirety.

8

# POINT IV.

## PLAINTIFF'S COSTS REQUEST SHOULD BE DENIED OR SUBSTANTIALLY REDUCED

Plaintiff seeks $2,635.60 in costs, including $2,372.40 in transcript services, $63.20 in PACER charges, and $200.00 in printing expenses. These costs should be denied or substantially reduced due to overstatement, lack of documentation, and failure to demonstrate necessity.

**1. Transcript Costs Are Partially Unnecessary and Overstated**

Plaintiff seeks $1,026 for CCRB transcript costs, but this expense is only partially recoverable at best. The Court explicitly precluded any reference to the CCRB investigation itself. (Tr. 4:24–5:13.) However, the officers' CCRB statements were admitted as party admissions for impeachment, and Plaintiff did in fact use portions of these statements during cross-examination.

Even so, only the portion actually used was reasonably necessary. Plaintiff provides no breakdown to show what share of the expense relates to the officers' statements versus any other witnesses. Moreover, Plaintiff's counsel already possessed audio recordings of these statements, rendering a certified transcript duplicative and unnecessary for any unused portions.

Under 28 U.S.C. § 1920, only costs that are *reasonably necessary* to the litigation are recoverable, not merely convenient. See Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028 (2d Cir. 1979). Defendants should not bear the cost for any portion of the CCRB transcripts that were not actually introduced or used at trial.

Accordingly, the Court should deny or substantially reduce the claimed CCRB transcript costs to exclude any duplicative or unnecessary portion.

**2. PACER Charges Are Clerical and Non-Recoverable**

Plaintiff also seeks $63.20 in PACER charges, but fails to explain the volume, purpose, or necessity of these costs. PACER fees are routinely viewed as part of overhead or routine administrative expense, particularly where—as here—the docket in this matter was minimal, with no dispositive motions, depositions, or extensive filings. See Musa v. Midland Credit Mgmt., Inc., No. 20-CV-00570 (KMK), 2023 WL 6128237, at *7 (S.D.N.Y. Sept. 19, 2023) (PACER fees denied where unsupported by detailed explanation). These costs should be disallowed.

**3. Photocopying and Printing Charges Are Unsupported**

Plaintiff claims $200.00 in printing or photocopying charges without providing any detail or documentation. Courts routinely deny such expenses where the applicant fails to identify what was copied, how many pages, or why the copies were necessary to the litigation. See Reiter, 2007 WL 2775144, at *10 ("Copying costs must be itemized and justified in order to be compensable."). Given the limited scope of trial, absence of expert reports or depositions, and lack of complex exhibits, the claimed printing costs appear excessive and should be denied.

**4. The Costs Are Disproportionate to the Limited Relief Obtained**

Finally, Plaintiff's claimed costs are disproportionate to the modest verdict of $25,000 on a single Fourth Amendment claim. In cases of limited success, courts are empowered to reduce both fees and costs to ensure that any recovery is reasonable in light of the results obtained. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). The overall lack of specificity, duplication, and disproportionate amount sought further supports a substantial reduction, if not outright denial.

# **CONCLUSION**

For the reasons set forth above, Plaintiff's fee application should be denied in its entirety or, at minimum, substantially reduced. Plaintiff achieved only limited success at trial, with the jury rejecting his excessive force claim and awarding modest damages on a minimal constitutional violation. The request for over $70,000 in attorneys' fees—based on a highly inflated hourly rate and excessive hours—is grossly disproportionate to the relief obtained and unsupported by precedent.

The application further suffers from fundamental defects: Plaintiff's counsel admits the billing records are only "largely" contemporaneous, fails to identify which entries were not recorded in real time, and includes vague and block-billed time entries that do not meet the requirements set by the Second Circuit. Courts have denied fee requests outright under similar circumstances, and a full denial is appropriate here.

In addition, Plaintiff's claimed costs should be denied or substantially reduced. While Plaintiff provides an invoice for the CCRB transcript, the record shows that only a portion was reasonably necessary, and any unused or duplicative costs must be disallowed. The remaining PACER and printing charges are similarly vague, undocumented, and excessive. Plaintiff has not met his burden to show that any of these costs were necessary and reasonably incurred.

Alternatively, if the Court declines to deny the application in full, Defendants respectfully request that the Court substantially reduce both the claimed hourly rate and number of hours to conform to prevailing standards in this District and to reflect the limited results obtained. See *Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010); *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005).

Dated: New York, New York
       July 2nd, 2025

                                        Respectfully submitted,

                                        By: _____/s/_____

                                        Doug LaBarbera, Esq. (DL 6212)
                                        LaBarbera & Associates P.C.
                                        111 John Street, Suite 640
                                        New York, NY 10038

CC:   **VIA ECF**

       Andrew Stoll
       Stoll, Glickman & Bellina, LLP
       *Attorneys for Plaintiff*
       300 Cadman Plaza West, 12th Floor
       Brooklyn, NY 11201