UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHAWN STEWART

                                                                                                              Plaintiff,

                   -against-


POLICE OFFICER STEPHANIE DAVIS, SHIELD # 28218, POLICE OFFICER BRIAN HIRSCHMAN, SHIELD # 22623

                                                                                           Defendants.

------------------------------------------------------------------------X


**PLAINTIFF'S DECLARATION IN REPLY TO DEFENDANTS' OPPOSITION TO HIS FEE APPLICATION**

## **TABLE OF AUTHORITIES**

**Cases**

*Berraho v. Albright*, 19-CV-23267 (E.D.N.Y.) .............................................................................. 2
*Jean v. Krauss*, 2015WL430116 (W.D.N.Y. Feb. 2, 2015)............................................................ 2
*Kassim v. City of Schenectady*, 415 F.3d 246 (2d Cir. 2005) ........................................................ 1

ANDREW B. STOLL declares, pursuant to 28 USC § 1746:

Plaintiff Shawn Stewart ("Mr. Stewart") submits this memorandum in reply to Defendants' opposition to his 42 USC § 1988 fee application. *Document 88*.

I. DEFENDANTS' ARGUMENTS ABOUT SUCCESS OF THE LITIGATION ARE INTERNALLY CONTRADICTORY AND WITHOUT MERIT AND THEIR PROPORTIONALITY AND PARTIAL SUCCESS ARGUMENTS ARE UNSUPPORTED BY THE LAW

Defendants emphasize what they believe to be the "minimal" constitutional violation that Plaintiff endured, and the Court's view of Plaintiff as "uncooperative and provocative", leading to what they characterize as a "routine, low-damages case". It is thus hard to understand why defendants believe the $25,000.00 award to be anything less than an excellent result for Plaintiff.

Defendants' arguments about the proportionality of the fee to the verdict are rejected within the very case they cite, *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005), in which the Second Circuit wrote "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake".

Similarly, though defendants argue that the failure to achieve a Plaintiff's verdict on the excessive force claim should result in a fee reduction, *Kassim* quotes the United Supreme Court in writing that in a "unitary case", it is "difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee ... encompass[ing] all hours reasonably expended .... [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit...." *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005) *citing Hensley v. Eckerhart,* 461 U.S. 424 (1983).

1

II. DEFENDANTS' REFERENCE TO PRIOR FEE AWARDS TO ME ARE INAPPOSITE

  Defendants cite to my trial win in *Jean v. Krauss*, 2015WL430116, at *5 (W.D.N.Y. Feb. 2, 2015) where the Northern District awarded me an hourly Prison Litigation Reform Act capped fee of $189.00. The Court there noted that but for the cap, "an even higher rate would be reasonable based upon the experience". Defendants also cite *Berraho v. Albright*, 19-CV-23267 (E.D.N.Y.), a compromise settlement in which my firm received $350.00 hourly in an FLSA settlement approved by the Court. That matter differs from this one in significant respects- first, it was indeed a compromise settlement that simply required Court approval as an FLSA action. Next, it was a wage and hour case- an area of law that at the time was relatively new to me. Although I have represented members of a labor union for years, those matters are all related to investigations – not wage and hour matters. But the depth of my experience in criminal and civil rights law is an altogether different thing. It is what I went to law school for, it is what I practiced exclusively when I left law school, it is what my firm was originally set up to practice. My skill sets could not be more suitably matched to the case at hand.

III. DEFENDANTS' ARGUMENTS ABOUT THE REASONABLENESS AND DOCUMENTATION OF MY HOURS ARE WITHOUT MERIT

  Defendants complain that my time entries are "largely contemporaneous". My office work is generally timed using Amicus brand case management software, from which I generate time reports. But I don't run timers on court time- rather, when I get back to the office I generally enter my time that day or the next day. Defendants complain about my trial time entries, but they were there for the work, and don't claim the entries are inaccurate. They complain the hours I billed are excessive but don't say what time their own counsel billed on this matter.

IV.    TRANSCRIPTS WERE REASONABLY NECESSARY FOR THIS LITIGATION

Defendants complain that preparation of transcripts of the only recorded statements of the defendants about this matter were unnecessary. As discussed in my moving papers, because there were recorded CCRB interviews in this matter, I went without depositions and simply had transcripts made of the existing interviews, saving all parties the expense of depositions. It would have bordered on malpractice for me not to be prepared with transcripts for the trial.

For the foregoing reasons, Plaintiffs' fee application, for an award of $70,605.00 in fees and $2635.60 in reimbursed expenses, should be granted, together with such other and further relief as is just and proper.

Brooklyn, New York
July 7, 2025

                                        Stoll, Glickman & Bellina, LLP
                                        Attorneys for Plaintiff
                                        300 Cadman Plaza W., 12th Flr.
                                        Brooklyn, NY  11201
                                        (718) 852-3710

By: _____
         Andrew B. Stoll